D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>　　　　　　　　Defendant. | Case No. _____<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

## INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. The Center for Investigative Reporting ("CIR") and Will Evans (collectively "Plaintiffs") seek processing and release of agency records requested from Defendant the United States Department of Labor ("DOL").

2. In August and December 2017, Plaintiffs submitted Freedom of Information Act requests (the "Requests") to DOL's Office of Federal Contract Compliance Programs ("OFCCP") seeking disclosure of federal contractors' employment diversity reports submitted to OFCCP as well as copies of correspondence between OFCCP and federal contractors concerning the release of the forms. OFCCP issued a series of responses and denials withholding records under Exemption 4 and

Plaintiffs appealed. The agency has since failed to issue a response.

3. To date, Defendant has failed to comply with FOIA's statutory deadlines and has improperly withheld records responsive to the Requests.

4. DOL's delay and improper withholding is of particular public concern because the requested forms contain statistics on employee diversity at various federal contractors in Silicon Valley. Diversity data is instrumental to ensuring that federal contractors diversify their workforces in compliance with the law. This is especially important in the technology sector which implicates the lives of millions of Americans through its employees' choices, product designs and algorithms steering the most intimate parts of our lives. *See* Andrew Selbst, *Disparate Impact in Big Data Policing*, 52 GA. L. REV. 109 (2018) (discussing how implicit biases enmeshed in algorithms can result in discriminatory effects).

5. The public interest in the agency correspondence around these documents is also of immense public interest. *See Public Citizen v. U.S. Dep't of Labor*, No. 1:18-cv-000117, (D.D.C. filed Jan. 19, 2018) (arguing similarly that these correspondences are important to the public).

6. Claims that records containing statistical and aggregate data on diversity and correspondence between OFCCP and federal contractors pertaining to those records are exempt as trade secrets or confidential commercial information under FOIA's Exemption 4 is unjustified.

7. Plaintiffs now asks the Court for an injunction requiring DOL to promptly release the withheld records.

## JURISDICTION

8. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1436, and 5 U.S.C. §§ 701–706.

## VENUE AND INTRADISTRICT ASSIGNMENT

9. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402. Plaintiff CIR has its principal place of business in this district. Plaintiff Will Evans is domiciled in this district.

10. Assignment to the Oakland Division is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in Alameda County, where Plaintiff CIR's principal place of business is located and most actions in this case occurred.

## PARTIES

11. Plaintiff CIR publishes *Reveal* an online news site at revealnews.org and *Reveal* a weekly public radio show with approximately 1 million listeners a week. Founded in 1977, as the first national investigative news organization, CIR has received multiple awards for its reporting. CIR is a non-profit established under the laws of the State of California, with its primary office in Emeryville, California.

12. Plaintiff Will Evans is a staff reporter for *Reveal* and an employee of CIR.

13. Defendant DOL is a department of the executive branch of the U.S. government and an "agency" within the meaning of 5 U.S.C. §552(f)(1). OFCCP is a component of DOL. DOL has its headquarters in Washington, D.C., and offices all over the country, including in Oakland and San Francisco, California.

## FACTUAL BACKGROUND
### EEO-1 Reports and OFCCP

14. OFCCP is the component of DOL that is responsible for enforcing nondiscrimination and affirmative action requirements imposed on federal contractors as ordered by Executive Order 11246, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, and Section 503 of the Rehabilitation Act.

15. According to its website, OFCCP's mission is to "protect workers, promote diversity and enforce the law." OFCCP, *Mission Statement*, available at https://www.dol.gov/ofccp/aboutof.html (last visited April 2, 2018). "OFCCP holds those who do business with the federal government—contractors and subcontractors—responsible for complying with the legal requirement to take affirmative action and not discriminate." *Id.*

16. To achieve this, OFCCP collects data from "Employer Information EEO-1" forms (hereinafter "EEO-1 Reports"), a survey conducted annually under the authority of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. 2000e, *et. seq.*, as amended. *See* EEOC, *EEO-1 Instruction Booklet* (2018), *available at* http://bit.ly/2ySvqzB. OFCCP and the Equal Employment Opportunity Commission ("EEOC") together administer the EEO-1 Reports.

17. In accordance with Title VII, all employers in the United States with 15 or more employees are required to keep employment records. *Id.* Based on those records, certain large employers are required to file EEO-1 Reports on an annual basis. *Id.*

18. The EEO-1 Reports are not voluntary and under section 709(c) of Title VII the EEOC may compel an employer to file it by obtaining an order from the United States District Court. 42 U.S.C. 2000e.

19. EEO-1 Reports contain an EEO-1 Type 2 Consolidated Report ("Type 2 Report"), which is a one-page form that must include all U.S. employees of the company categorized by race, gender and job category. EEOC, EEO-1 Frequently Asked Question, *available at* https://www1.eeoc.gov//employers/eeo1survey/faq.cfm?renderforprint=1. The Type 2 Report does not contain more particularized or sensitive information like wage and payment information or the demographics of individual company offices.

20. While the EEOC is prohibited from disclosing EEO-1 reports under Title VII of the Civil Rights Act of 1964, this restriction does not apply to OFCCP. EEOC, *EEO-1 Instruction Booklet, supra.*

21. Additionally, the confidentiality provision does not apply to federal government contractors. *Id.* (stating "[t]he confidentiality provision of…Title VII applies to all EEO-1 data submitted by filers that are *not* federal contractors") (emphasis added). As the EEOC explains on its website "[m]any years ago, the courts ruled that the prohibition against disclosure in Title VII does not apply to federal government prime contractors or first-tier subcontractors." EEOC, *EEO-1 Frequently Asked Questions* (2018), *available at* https://www.eeoc.gov/employers/eeo1survey/faq.cfm.

22. OFCCP does not proactively disclose the EEO-1 Reports. To obtain copies,

individuals and institutions, including media, must submit a FOIA request.

23. Once a request is submitted, OFCCP contacts federal contractors to notify them of the request for disclosure, but OFCCP is required to make a separate determination as to whether any Exemptions apply. EEOC, *EEO-1 Instruction Booklet, supra.*

24. The disclosure of these reports has been championed by civil rights activists such as Rev. Jesse Jackson Sr., members of Congress, investment firms, and companies themselves. *See, e.g.*, Salvador Rodiguez, *Jesse Jackson Gives Uber a Diversity Deadline*, INC.COM, Jan. 5, 2017, https://www.inc.com/salvador-rodriguez/uber-diversity-jesse-jackson.html; Jessica Guyun, *Barbara Lee calls on Apple, tech holdouts to release diversity data*, USATODAY, Aug. 4, 2015, https://www.usatoday.com/story/tech/2015/08/04/barbara-lee-black-caucus-federal-diversity-data-apple/31128479/; Will Evans, *11 men and 1 woman on management team? No need for diversity report*, REVEAL.ORG, Nov. 8, 2017, https://www.revealnews.org/article/11-men-and-1-woman-on-management-team-no-need-for-diversity-report/.

25. The public need for disclosure of EEO-1 reports in promoting diversity is incontrovertible. The Federal Glass Ceiling Commission, created by the Civil Rights Act of 1991, stated in its 1995 report that it "urges the Federal government and its agencies to look for ways to increase public access to diversity data" and that "[t]he government should also explore the possibility of mandating public release of EEO-1 forms for Federal contractors and publically traded corporations." Federal Glass Ceiling Commission, *A Solid Investment: Making Full Use of the Nation's Human Capital* (1995).

26. The collection of data in the EEO-1 Type 2 Reports is especially of significant public importance. While data contained in some of the other EEO-1 forms has been hotly debated, such as the inclusion of employee payment data, the statistics collected in the EEO-1 Type 2 Reports pertaining to race, gender and job category has been determined to be necessary for decades and continually collected. *See* Memorandum from Neomi Rao to Acting EEOC Chair Victoria Lipnic, Aug. 29, 2017, https://bit.ly/2uFABUV.

27. Various news outlets, including CIR have used these reports as the foundation for numerous news articles that have informed the public about lack of diversity in Silicon Valley and the technology industry overall. *See, e.g.*, Will Evans & Sinduja Rangarajan, *Hidden figures: How Silicon Valley keeps diversity data secret*, REVEAL.ORG, Oct. 19, 2017, https://www.revealnews.org/article/hidden-figures-how-silicon-valley-keeps-diversity-data-secret/; Laura Lorenzetti, *Microsoft releases diversity stats: How the tech giant sizes up*, FORTUNE, Jan. 5, 2015, http://fortune.com/2015/01/05/microsoft-eeo-1-diversity-tech/; Jessica Guynn, *Apple leadership is more than 80% white and male*, USATODAY, Nov. 9, 2017, https://www.usatoday.com/story/tech/2017/11/09/apple-leadership-more-than-80-white-and-male/850206001/.

28. Release of the EEO-1 Type 2 reports, as well as the communications between the OFCCP and the contractors would inform the public on this important topic of public concern. *Id.*

### The EEO-1 FOIA Request

29. On August 9, 2017 through August 25, 2017, Mr. Evans submitted five FOIA requests via email to OFCCP (hereinafter "the EEO-1 Request") seeking EEO-1 reports pertaining to various federal contractors. True and correct copies of those emails are attached as Exhibit A. The EEO-1 Request was consolidated under FOIA No. 838133. *Id.*

30. More specifically, Plaintiffs exclusively sought the EEO-1 Type 2 Reports for Oracle Corp., Hewlett-Packard Co., Salesforce, Splunk Inc., Dropbox, Inc., Fitbit, Gilead Sciences, Inc., Github, Inc., Pandora Media, Inc., Slack Technologies, Inc., Tesla, VMWare, Synnex, PayPal and Palantir. *See* Exhibit A.

31. Plaintiffs sought a waiver of search and review fees on the grounds that the CIR qualifies as a "representative of the news media" and that the records are not sought for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii).

32. On October 20, 2017, Mr. Evans received an email from an OFCCP FOIA Officer stating that OFCCP had an interim response that the agency was working on and was expecting to send out the following week. A true and correct copy of the email is attached as Exhibit B.

33. On November 9, 2017, Mr. Evans emailed the OFCCP FOIA officer for an update but did not receive a response. A true and correct copy of that email is attached as Exhibit C.

34. On November 17, 2017, Mr. Evans contacted the OFCCP FOIA officer by phone for an update and was told that the response was being processed.

35. On November 27, 2017, CIR sent an letter to OFCCP to explain that Mr. Evans had received no determination from OFCCP and under 5 U.S.C. § 552(a)(6)(A) a FOIA request is considered constructively denied after twenty business days. A true and correct copy of that letter without attachments is attached as Exhibit D.

36. On January 29, 2018, Mr. Evans received a final response (hereinafter "Denial of EEO-1s") from an OFCCP FOIA Officer. A true and correct copy of that letter and its attachment is attached as Exhibit E.

37. The Denial of EEO-1s categorized the various responses given by the contractors to OFCCP's notice of the EEO-1 Request. *Id.* It listed, "Companies that objected to the release of their data on the grounds of FOIA Exemption 4" and "Companies that did not object to the release of their data." *Id.*

38. The Denial of EEO-1s did not state whether OFCCP had separately determined that Exemption 4 applied, which part of Exemption 4 applied, and did not explain why Exemption 4 applied. *Id.* The Denial of EEO-1s did not release any segregable portions of the EEO-1 Reports. It also concluded that Mr. Evans was a news media requester. *Id.*

### The Correspondence Request

39. On December 6, 2017, Mr. Evans requested copies of the correspondence between OFCCP and the federal contractors who objected to the release of EEO-1 Consolidate Type 2 Reports (hereinafter the "Correspondence Request"). A true and correct copy of that request and its acknowledgment is attached as Exhibit F. The Correspondence Request was assigned tracking number 846575. *Id.*

40. By letter dated Mach 13, 2018 OFCCP sent a final denial to Mr. Evans (hereinafter, "Denial of Correspondence"). A true and correct copy of that letter is attached as Exhibit G.

41. The Denial of Correspondence listed, "Companies that objected to the release of their

correspondence on the grounds of FOIA Exemption 4" and "Companies that have not objected to the release of their correspondence under Exemption 4." *Id.*

42. The Denial of Correspondence did not state whether OFCCP had separately determined that Exemption 4 applied, which part of Exemption 4 applied, and did not explain why Exemption 4 applied. *Id. Compare* Exhibit E *with* Exhibit G.

### The Appeal

43. On February 28, 2018, CIR General Counsel, D. Victoria Baranetsky sent a letter to DOL appealing both denials and requesting an immediate response and processing of the Request. A true and correct copy of the appeal letter (without attachments) is attached as Exhibit H.

44. The letter argued that withholding is improper under Exemption 4 because the requested records do not contain trade secrets or commercial information and they are not confidential. Exhibit H. The letter also argued that the agency made no separate determination as to the records as evidenced by its failure to disclose all segregable portions. *Id.* Finally it argued that disclosure is in the public interest. *Id.*

45. Plaintiffs received a letter dated March 16, 2018 stating that the agency received the appeal and notifying Plaintiff that "the number of appeals currently awaiting review and decision is very substantial." A true and correct copy of the appeal letter (without attachments) is attached as Exhibit I.

46. To date, DOL has made no final determination as to the appeal.

47. More than 20 working days have passed since Plaintiffs submitted their appeal on February 28, 2018.

48. DOL has failed to comply with FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), requiring that an agency make a determination with respect to an appeal within the 20 business days.

49. Having exhausted all administrative remedies, Plaintiffs now seeks injunctive relief.

### CAUSE OF ACTION

### Violation of Freedom of Information Act

50. Plaintiffs repeats and realleges paragraphs 1-49.

51. DOL is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

52. DOL has no lawful basis for declining to release the records requested by Plaintiffs under FOIA.

53. DOL has failed to act on Plaintiffs' appeal within the 20 business days required by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

54. Plaintiffs is entitled to declaratory and injunctive relief compelling the release and disclosure of the requested records.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs prays that this Court:

1. Declare that Defendant DOL violated FOIA by failing to provide requested records in response to Plaintiffs' FOIA requests and failing to notify Plaintiffs of any determination;

2. Declare that the documents sought by their FOIA request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

3. Order Defendant DOL to provide the requested documents to Plaintiffs within 20 business days of the Court's order;

4. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

5. Grant Plaintiffs such other and further relief as this Court may deem just and proper.

DATED: April 2, 2018

Respectfully submitted,

By: /s/
D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Email: vbaranetsky@revealnews.org

Attorney for Plaintiffs